UNITED STATES of America,

v.

Lamont MCKELLER a/k/a Kamil Smith a/k/a Kamil Ifriqi Lamont McKeller, Appellant.

No. 02–2902.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 13, 2003.

Decided March 14, 2003.

Before SLOVITER, NYGAARD, and ALARCÓN,* Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

Appellant Lamont McKeller, who pled guilty to bank robbery in New Jersey by force and violence and by intimidation, appeals from the District Court's denial of his motion for downward departure from the Sentencing Guidelines pursuant to 18 U.S.C. § 3742(a). We cannot consider the substance of McKeller's arguments because we have no jurisdiction over McKeller's appeal.

* Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit,

## I.

### Facts and Procedure

The facts are undisputed. On April 17, 2000, McKeller, along with an accomplice, robbed the Evesham, New Jersey branch of PNC Bank. Less than two weeks later, on April 29, 2000, McKeller robbed the Bulls Eye Saloon in Delaware.

In June of 2000, while in prison awaiting trial on Delaware state charges of two counts of attempted murder, first degree robbery, felony assault and other offenses for the Saloon robbery, McKeller was interviewed by FBI agents concerning his role in the Evesham bank robbery. McKeller denied any involvement in the New Jersey robbery. Thereafter, an Assistant United States Attorney from New Jersey informed McKeller's counsel that his office had built a substantial case against McKeller with the cooperation of McKeller's accomplice. He told McKeller's counsel that McKeller would receive a substantially lesser sentence if he were convicted in New Jersey before he was convicted in Delaware. Nonetheless, McKeller did not enter a guilty plea in New Jersey prior to his conviction on the Delaware charges.

On October 18, 2001, following McKeller's Delaware conviction, McKeller entered into a guilty plea agreement with the Government concerning the New Jersey robbery. In light of the prior Delaware sentence, McKeller was subject to sentencing as a career offender, and he was sentenced to 151 months imprisonment. At the request of counsel, the District Court ordered that 41 months of the 151 month sentence be served concurrently with the Delaware sentence, less good time credit.

sitting by designation.

McKeller moved for a downward departure, which the District Court denied at sentencing.

## II.

## Discussion

The Government challenges this court's jurisdiction to review McKeller's appeal from the District Court's discretionary denial of the requested downward departure. The Government's argument is persuasive and is fully supported by the precedent established by this court and the Supreme Court. We first held in *United States v. Denardi*, 892 F.2d 269, 271–72 (3d Cir. 1989), that this court may review a district court's denial of a downward departure pursuant to 18 U.S.C. § 3742(a) where the district court was unaware of its authority to grant the departure or where the district court incorrectly applied the guidelines. In this case, McKeller does not contend that the Sentencing Guidelines were incorrectly applied. Nor was the District Court unaware of its authority to depart. In fact, the District Court expressly stated at the outset: "First, I recognize that I can depart downward if there are unique and extraordinary circumstances present that would make characterization as a career offender inequitable.... [T]hey have not arisen in Mr. McKeller's case...." App. at 53. The District Court then engaged in an analysis of the circumstances leading to McKeller's sentencing. Because the District Court's analysis illustrates its awareness of its authority to grant a motion for downward departure based on its discretion, we are without appellate jurisdiction. *See United*

1. McKeller argues that "it was inequitable to sentence [him] as a 'career offender' because he was denied the opportunity to avoid that status, as a result of [his attorney's] failure properly to communicate to him what the government intended to offer to him." Br. of

*States v. Ruiz*, 536 U.S. 622, 122 S.Ct. 2450, 2454, 153 L.Ed.2d 586 (2002).[1]

## III.

## Conclusion

For the reasons set forth, we will dismiss McKeller's appeal.

Appellant at 12. If McKeller is implicitly arguing ineffective assistance of counsel, he may not do that on direct appeal but may raise that as a collateral attack under 28 U.S.C. § 2255.